**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Guadalupe Velazquez,<br><br>     Defendant. | CR 12-00877-04-PHX-JAT<br><br>**ORDER** |

  The Court has received Defendant's counsel's motion to extend the pretrial motion deadline. Doc. 380. The motion was filed on November 8, 2013.

  On November 2, 2012, the Court granted a request to designate the case complex and set the pretrial motion deadline for September 6, 2013. Doc. 148. On September 4, 2013, the Court extended this deadline one week, to September 13, 2013. Doc. 303. On October 1, 2013, the Court ordered that any Defendant who had merely joined another Defendant's motion was required to file his or her own motion addressing the specific facts of that Defendant's case by October 8, 2013. [1] Doc. 336.

  Counsel for Defendant Guadalupe Velazquez, Kenneth S. Countryman, claims that since March 2013 he has been reviewing discovery. He claims that "since discovering" the October 1, 2013 Order, he has still been reviewing discovery and consulting with his client (Mr.

---

[1] One Defendant received an extension of this deadline until October 18, 2013.

Countryman does not indicate exactly when he discovered the October 1, 2013 order, but states it was "recently"). Doc. 380. The Court does not find any of these vague reasons to be cause to extend the pretrial motion deadline. [2] Further, the September 4, 2013 extension and the October 8, 2013 limited extension were both reminders of a pending motion deadline, which should have reminded Mr. Countryman of the impending deadlines even if he had failed to discover the November 2, 2012 order. [3]

As a result of the foregoing,

**IT IS ORDERED** that the motion for extension of time (Doc. 380) is denied; the late filed motions (Docs. 381 and 382) are also denied.

DATED this 8th day of November, 2013.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Mr. Countryman cites no rules or law for when an extension of a pretrial motion deadline, after it has long expired, is appropriate. However, the Court notes the Fed. R. Crim. Pro. 12(c) allows the Court to set a pretrial motion deadline. And, barring valid reasons for non-compliance, the Court may enforce that deadline. *U.S. v. Bogard*, 846 F.2d 563, 567-68 (9th Cir. 1988) (*superseded by statute on different issue*).

[3] Mr. Countryman was appointed to this case in February 2013, at which point Mr. Countryman should have reviewed the future deadlines in the case.