**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 12-00877-04-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Guadalupe Velazquez, | |
| Defendant. | |

Before the Court are Defendant Guadalupe Velazquez's Motion to Dismiss the Third Superseding Indictment (Doc. 1012), the Response, and the Reply. The Motion will be denied.

**I.  BACKGROUND**

On April 26, 2012, Guadalupe Velazquez ("Velazquez") was indicted, along with nine others, for her alleged role in drug and money laundering conspiracies. (Doc. 3.) Eight of the counts pertained to Velazquez: Count 1, Conspiracy to Possess with the Intent to Distribute Marijuana; Counts 2, 3, 7, and 9, Possession with Intent to Distribute Marijuana; Count 10, Conspiracy to Commit Money Laundering; Count 13, Promotional and Concealment Money Laundering; and Count 14, Engaging in Monetary Transactions. (*Id.*)

On April 9, 2013, the Government filed a First Superseding Indictment. (Doc. 201.) Velazquez was charged with the same offenses. (*Id.*) But the First Superseding Indictment also added four new counts. The two counts relevant to this Motion are

Counts 26 and 28: Possession or Use of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(C)(i). (*Id.*)

The Government filed a Second Superseding Indictment on November 19, 2013. (Doc. 396.) It contained the same charges but expanded the time period of the conspiracies. The First Superseding Indictment alleged the conspiracies began on March 11, 2010. (Doc. 201.) The Second Superseding Indictment, by contrast, claimed they began on December 1, 2008. (Doc. 396.)

Velazquez entered into a plea agreement on December 11, 2013. She pled guilty to Counts 1 and 10. (Doc. 500.) The Government agreed to dismiss the other counts. (*Id.* at 3.)

Velazquez was sentenced on June 17, 2014. (Doc. 725.) She then appealed. Three years later, the Court of Appeals vacated the conviction for a Rule 11 violation by the Magistrate Judge while taking the change of plea. *See generally United States v. Velazquez*, 855 F.3d 1021 (9th Cir. 2017). The case was remanded for further proceedings and newly assigned to the undersigned judge.

On January 31, 2018, the Government obtained a Third Superseding Indictment. (Doc. 1002.) The new Indictment applied only to Velazquez, the only remaining defendant. The only changes in the Third Superseding Indictment were to Counts 26 and 28. The Second Superseding Indictment had presented Counts 26 and 28 as follows: Velazquez "did use, carry, and possess a firearm, during and in relation to a drug trafficking crime . . . ." (Doc. 396 at 14-15.) By contrast, the Third Superseding Indictment added the following language: Velazquez "did knowingly use and carry a firearm, during and in relation to a drug trafficking crime, *and did possess a firearm in furtherance of a drug trafficking crime* . . . ." (Doc. 1002 at 14 (emphasis added).)

Velazquez now moves to dismiss the Third Superseding Indictment. She raises two arguments. First, she argues Counts 26 and 28 were deficient in the Second Superseding Indictment because "they did not properly allege [ ] the in furtherance

element of 18 U.S.C. § 924(c)." (Doc. 1012 at 2 (internal quotation marks omitted).) The five-year statute of limitations therefore applies and bars the Government from including the "fixed" counts in the Third Superseding Indictment. Second, she contends the counts must "be dismissed for vindictive prosecution." (*Id.* at 4.)

## II. ANALYSIS

### A. The statute of limitations does not bar the Government's changes to Counts 26 and 28 because the Second Superseding Indictment had independently sufficient language and the Third Superseding Indictment did not broaden or substantially amend the Second.

The original Indictment was filed on April 26, 2012, more than five years before the Third Superseding Indictment, which was filed on January 31, 2018. Velazquez points out the statute of limitations on Counts 26 and 28 is five years. (Doc. 1012 at 3.) She claims the Third Superseding Indictment attempted to correct a fatal flaw in the Second Superseding Indictment. Specifically, she contends Counts 26 and 28 were missing essential statutory language. By the time of the Third Superseding Indictment, it was too late for the Government to add this language, so those counts, she says, should be dismissed.

Velazquez is wrong for two reasons. First, the so-called essential language was not, in fact, essential. Second, the Third Superseding Indictment did not broaden or substantially amend the Second Superseding Indictment.

18 U.S.C. § 924(c)(1)(A)(i) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime be sentenced to a term of imprisonment not less than 5 years."[1]

---

[1] 18 U.S.C. § 924(c)(1)(C)(i) provides the same, except it applies to a "second or subsequent conviction under this subsection" and carries a minimum sentence of 25 years.

- 3 -

Velazquez relies almost exclusively on *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006), for the proposition that "in furtherance is an essential element of the crime"—one that was left out of the Second Superseding Indictment. (Doc. 1012 at 3.) This "essential element" theory is based on a complete misreading of *Arreola*. There the court explained that "it is clear . . . that § 924(c) names two distinct acts" but that "it does not create two separate offenses." 467 F.3d at 1158. The statute prohibits (1) using or carrying a firearm during and in relation to a drug trafficking crime, or (2) possessing a firearm in furtherance of a drug trafficking crime. Viewed this way, the "two types of conduct that § 924(c) proscribes are difficult to distinguish conceptually." *Id.* at 1160. But they are indeed conceptually distinct, even if there is a "similarity between the evidence necessary to prove a violation of the first clause . . . and the evidence necessary to prove a violation of the second. . . ." *Id.* Thus, it cannot be the case that possession "in furtherance" is an essential element of the crime. Performing either act is an independent, statutorily sufficient basis for conviction.[2]

Citing *Bailey v. United States*, 516 U.S. 137, 144 (1995), Velazquez says "mere possession of a firearm during a drug crime is not a crime in and of itself under § 924(c)." (Doc. 1017 at 2.) As a threshold matter, Congress overruled *Bailey* by inserting the previously missing "possession" language into the statute in what "was colloquially known as the 'Bailey Fix Act.'" *United States v. O'Brien*, 560 U.S. 218, 233 (2010). Moreover, the Government never contended in any indictment that Velazquez merely possessed a firearm during a drug crime; it contended in the Second Superseding Indictment that she used, carried, *and* possessed a firearm during and in relation to a drug crime. (Doc. 396 at 14-15.) The use of "possess" was harmless surplusage.

---

[2] It is worth noting that in *Arreola* the Government amended the indictment in the same manner it seeks to amend it here. It added the "in furtherance" language where it had previously included only the "uses or carries" language. The Ninth Circuit affirmed Arreola's conviction. 467 F.3d at 1155-56, 1162.

Velazquez also argues the Government "cannot show that [she] ever possessed a firearm, let alone that the firearm was possessed in furtherance of a drug crime." (Doc. 1012 at 4.) That is an argument to make to the jury.

Finally, the Third Superseding Indictment does not broaden or substantially amend the Second Superseding Indictment. "A superseding indictment returned while the first indictment is pending is timely unless it broaden[s] or substantially amend[s] the charges in the original indictment." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 779 (9th Cir. 1986) (internal quotation marks omitted) (modifications in original). In this case, the Government modified the indictment based on Ninth Circuit guidance. (Doc. 1016 at 4, 10-12.) The Circuit explained that the Model Jury Instructions for § 924(c) needed to be changed to reflect that "there are two ways to prove an offense under § 924(c)." *United States v. Thongsy*, 577 F.3d 1036, 1043 n.5 (9th Cir. 2009).[3] More importantly, as the *Arreola* court noted, the two substantive clauses of § 924(c) are extremely similar. 467 F.3d at 1160. Velazquez was already on notice of the Government's theory. *Cf. United States v. Liu*, 731 F.3d 982, 997 (9th Cir. 2013) ("The central concern in determining whether the counts in a superseding indictment should be tolled based on similar counts included in the earlier indictment is notice."). Further, as the Government notes, the Third Superseding Indictment added a charge that is more difficult to prove at trial. The *Arreola* court itself remarked on the "more stringent 'in furtherance of' requirement" relative to the "uses or carries" provision. 467 F.3d at 1159.

In sum, the statute of limitations does not bar the modified Counts 26 and 28 in the Third Superseding Indictment.

**B.     There is no evidence of prosecutorial vindictiveness.**

Velazquez accuses the Government of being vindictive because of her successful appeal. This claim fails on its face, again because of *Arreola*. That case made clear that

---

[3] In response to *Thongsy*, there are now two different Model Jury Instructions—one for each act under § 924(c). *See* 9th Cir. Model Jury Instr. §§ 8.71, 8.72.

the two prongs of § 924(c) are independently sufficient acts but do not constitute separate offenses. 467 F.3d at 1161. In the Third Superseding Indictment, the Government added the more demanding "in furtherance" language to comport with the Ninth Circuit Model Jury Instructions. Adding a claim that is more difficult to prove is not evidence of vindictiveness when there is also no possibility of increased punishment. Velazquez has failed to make any showing that "charges were added because the accused exercised a statutory, procedural, or constitutional right." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Third Superseding Indictment (Doc. 1012) is denied.

**IT IS FURTHER ORDERED** the Oral Argument and Status Hearing presently set for May 22, 2018 are VACATED.

Dated this 17th day of May, 2018.

_____
Neil V. Wake
Senior United States District Judge