**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-00877-04-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Guadalupe Velazquez, | |
| Defendant. | |

Before the Court is Defendant's Motion to Suppress Wiretap Evidence (Doc. 1079), the Response (Doc. 1113) and the Reply (Doc. 1127). The Court heard argument on the Motion on August 9, 2019, and received supplemental briefs from both parties.

     1.    The Pima County wiretap was illegal because not validly authorized by a designee of the Attorney General. *Villa v. Maricopa County,* 865F.3d 1224 (9th Cir. 2017). The statute contains its own exclusionary rule and is not dependent on the constitutional exclusionary rule. 18 U.S.C. § 2515. As to the federal court wiretap, Defendant is plainly an "aggrieved person" because she was "a person against whom the interception was directed." 18 U.S.C. § 2510(10).

     2.    Defendant lacks standing to assert the illegality of the Pima County wiretap because the wiretap application was not directed to her and none of her communications were intercepted. Section 2515 provides "no part of the contents of such communication and no evidence derived therefore may be received in evidence in any trial

. . . if the disclosure of that information would be in violation of this chapter." This statutory exclusionary rule appears to unqualifiedly prohibit admission of the fruits of the interception if illegal. But the great weight of authority, including Ninth Circuit authority, precludes Defendant from challenging the later federal court wiretap obtained based in part on the fruits of the earlier Pima County wiretap order obtained in violation of Title III but for which she is not an aggrieved person.

3. The good faith exception to exclusion is a rule of constitutional law that mitigates the constitutional exclusionary rule. No good faith saves the Pima County wiretap because the violation of Title III is clear and literal. The Attorney General's insufficient delegation of authority to all assistant Attorneys General in Tucson could not have been in good faith considering the plain language of the federal statute. Contrary decisions of Arizona state courts were not merely incorrect but also unreasonable. The purpose of deterring the Arizona Attorney general from systemic, literal violation of Title III is served, and necessarily so, by application of the statutory exclusionary rule.

4. The affidavit in support of the Pima County wiretap application did not contain materially false statements, much less deliberate or reckless misstatements. Though expungement and setting aside of a conviction are technically different, there was no material difference for purposes of the assessing credibility of the confidential informant.

5. However, the omission of the confidential informant's $100,000 federal tax lien and its release as satisfied in whole one month after the wiretap warrant was granted was material to credibility. The government's proffer of the confidential informant's accountant's explanation is vague and fails to state substance and details that would have been within his personal knowledge. His discussion of inventory adjustment in an amended return is insufficient on its face to explain the full $100,000 reduction in tax liability. The circumstances, including the temporal proximity of the affidavit and the release of the tax lien, allow an inference that the DEA agent knew about his tax lien and

status when he submitted the affidavit. The omission of that highly relevant financial benefit from the government to the confidential informant could invalidate the affidavit as a material omission concerning the confidential informant's credibility. A *Franks* hearing will be ordered on this ground for challenge of the wiretap on September 3, 2019, at 1:30 p.m.

6. The wiretap application showed "on the basis of the facts submitted by the applicant that . . . (c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be dangerous." 18 U.S.C. § 2518(3). The Ninth Circuit requires a two-step analysis for compliance with section 2518(3). The authorizing court and this Court must first make a *de novo* determination of whether the application made "a full and complete statement of facts" as to whether or not the investigative procedures had been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *United States v. Rodriguez,* 851 F.3d 931, 938 (9th Cir. 1917). Contrary to the government's argument (Roc. 113 at 42), this Court does not decide whether the authorizing court abused its discretion in finding a full and complete statement of the facts concerning necessity. This court resolves that conclusion *de novo. Rodriguez* at 938. Only then is it decided whether the authorizing court abused its discretion in granting the warrant. The omitted facts were cumulative or not material. Therefore, the omissions do not invalidate the warrant.

7. Defendant explicitly challenged the first of three warrants, but the deficiencies are the same in all three. So that suffices as challenges to all three.

IT IS THEREFORE ORDERED that the tax lien release grounds of challenge will be considered at the September 3, 2019 *Franks* hearing.

Dated: August 13, 2019.

_____
Neil V. Wake
Senior United States District Judge

- 3 -