**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Guadalupe Estina Velazquez,<br><br>Defendant. | No. CR-12-00877-004-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Guadalupe Estina Velazquez's ("Defendant") Second Motion for Compassionate Release (Doc. 1249). For the reasons stated below, the motion shall be denied.

**I.   BACKGROUND**

On September 5, 2019, Defendant pleaded guilty to one count of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846 and one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(c). (Docs. 1168; 1202.) On December 19, 2019, the Court sentenced Defendant to a 90-month term of imprisonment and 4 years of supervised release.[1] (Doc. 1203.) Defendant is currently located at FCI Phoenix and she is scheduled

---

[1] That was not the first time Defendant was sentenced; she was originally sentenced to a 121-month term of imprisonment and five years of supervised release on June 17, 2014. (*See* Doc. 731.) That sentence was vacated pursuant to a mandate issued by the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"). (*See* Doc. 963; *see also* Doc. 962-1.)

to be released on June 1, 2023. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search for "Guadalupe" with "Estina" with "Velazquez") (last visited October 1, 2020).

On December 30, 2019, Defendant appealed the Court's "final judgment and sentence" to the Ninth Circuit. (Doc. 1205.) The appeal is pending; Defendant's opening brief is due on October 13, 2020. *See United States v. Velazquez*, No. 19-10467 (9th Cir. Sept. 8, 2020), ECF No. 17.

Defendant filed her first motion for compassionate release on June 1, 2020. (Doc. 1222.) Just over three weeks later, the Court denied the motion without prejudice because Defendant failed to serve her request for relief on the warden of her facility and, alternatively, because said request neither referenced nor invoked the statute regarding compassionate release. (*See* Doc. 1226 at 3.) The Court did not consider the merits of the motion. (*Id.* at 5.)

On August 7, 2020, Velazquez brought the instant motion (Doc. 1249) and Plaintiff United States of America (the "Government") filed a response in opposition thereto on August 31, 2020 (Doc. 1256). Defendant replied to the response on September 16, 2020 (Doc. 1259). Fourteen days later, on September 30, 2020, counsel for Velazquez telephoned chambers and inquired about a ruling. This is the ruling on the motion.

## II. ANALYSIS

### A. Procedural Issues

"Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018." *United States v. Muhammed*, No. CR-12-01793-001-PHX-DGC, 2020 WL 3104275, at *1 (D. Ariz. June 11, 2020) (citing Pub. L. No. 115-391, 132 Stat. 5194, 5239-40).[2] Under 18 U.S.C. § 3582(c)(1)(A), a prisoner may not make a motion for compassionate release until after requesting the Bureau of Prisons (the "BOP") to make such a motion on her behalf and either after (a) exhausting all administrative rights to

---

[2] Unless otherwise indicated, in citing cases, all internal alterations, emphases, footnotes, quotation marks, and citations are omitted.

appeal a failure of the BOP to do so or (b) 30 days have elapsed after the warden of her facility received the request.  Defendant contends she fulfilled this exhaustion requirement because she submitted a request for compassionate release to the effective warden of her facility on June 30, 2020 and never received a response.  (*See* Doc. 1249 at 11.)  The Government does not dispute this.

However, the Government argues her appeal divested the Court of jurisdiction to reduce her sentence.  The Government is correct.  "The filing of a notice of appeal is an event of jurisdictional significance," as "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[3]  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).  This rule applies in criminal cases; indeed, "[a] district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence."  *See United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (citing *Griggs*, 459 U.S. at 58).[4]  While there are clarifications of (sometimes called "exceptions" to) this rule, *see, e.g.*, *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo."); *Rodriguez*, 891 F.3d at 791 (authorizing district courts to "go forward in appropriate cases by certifying that an appeal is frivolous or waived"), none applies here.  *See also United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020) (noting additional exceptions).  Because the validity of Defendant's sentence—and

---

[3] The Supreme Court has since clarified that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction."  *Hamer v. Neighborhood Hous. Servs. of Chicago*, --- U.S. ----, 138 S. Ct. 13, 17 (2017).  "Accordingly, 'jurisdictional' rules derived from sources other than Congress are more accurately characterized as 'mandatory claim-processing rules' that may be applied in a 'less stern' manner than true jurisdictional rules."  *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *Hamer*, 138 S. Ct. at 17).

[4] While the court in *Ortega-Lopez* addressed the district court's jurisdiction to modify a sentence under Federal Rule of Criminal Procedure 35(b), its analysis applies with equal force to motions under 18 U.S.C. § 3582(c).  As the First Circuit noted, there is "no basis for distinguishing between" § 3582(c) and Rule 35(b) "for jurisdictional purposes."  *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam) (holding the district court lacked jurisdiction to reduce the defendant's sentence because the defendant's appeal was pending when the district court ruled on the defendant's motion under § 3582(c)(2)).

therefore the issue of her possible release—is in the hands of the Ninth Circuit, this Court is "divested of its ability to reduce Defendant's sentence." *See United States v. Melkonyan*, No. 2:14-cr-0083-JAM, 2020 WL 2128591, at *1 (E.D. Cal. May 5, 2020) (citing *Ortega-Lopez*, 988 F.2d at 72); *see also United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) ("Carman's notice of appeal stated that she was appealing the district court's judgment in her criminal case. That judgment included both her conviction and sentence. Upon the filing of her notice of appeal, therefore, adjudicatory authority over 'those aspects' of Carman's case—*i.e.*, her conviction and sentence—passed to this court." (citing *Griggs*, 459 U.S. at 58)).

Defendant argues the *Griggs* rule does not apply here because 18 U.S.C. § 3582(c) "itself confers jurisdiction on this Court as long as the exhaustion requirements of the Act have been satisfied." (*See* Doc. 1259 at 2.) In other words, in enacting § 3582(c), Congress enacted a "statutory provision[] that limit[s]" this rule "and permit[s] the district court to act notwithstanding the filing of a notice of appeal." (*See id.*) Nothing in the statute's text supports this view. To the contrary, courts have found that once a defendant appeals his sentence, a district court is unable to reduce it during the pendency of the appeal, by granting compassionate release or otherwise. *See, e.g.*, *United States v. Vigna*, --- F. Supp. 3d ----, No. S1 16-CR-786-3 (NSR), 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding "this Court is without authority to rule on [the defendant's] Section 3582(c)(1)(A) application because it would affect an aspect of the case that [is] before [the Court of Appeals]"—the defendant's sentence); *United States v. Walls*, --- F. Supp. 3d ----, CASE NO. 92-CR-80236, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) ("A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release."); *United States v. Ward*, Case No. 01-40050-01-DDC, 2019 WL 1620439, at *3 (D. Kan. Apr. 16, 2019) ("The court thus cannot enter an order reducing Mr. Ward's sentence while his appeal—collaterally challenging the basis for his sentence—is pending."); *United States v. Crawford*, CASE NO. CR16-530RBL, 2020 WL 4791265, at *1 (W.D. Wash. Aug. 18, 2020) (concluding

"this Court lacks jurisdiction" over the defendant's § 3582(c) motion because the defendant "currently has an appeal pending before the Ninth Circuit challenging the sentence").

Moreover, applying the *Griggs* rule honors its purpose, which is "to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *See Nat. Res. Def. Council*, 242 F.3d at 1166. Putting the length of Defendant's sentence before this Court and the Ninth Circuit could easily lead to the type of confusion the *Griggs* rule seeks to avoid. Indeed:

> A direct appeal challenging the court's sentence and a motion for compassionate release both review the facts underlying Defendant's offenses, her history and circumstances, and applicable enhancements and sentencing guidelines. A ruling reducing Defendant's sentence would impact the Sixth Circuit's review of Defendant's appeal, and jurisdiction to grant Defendant's request could result in a situation where "[the] district court[ ] and court of appeals . . . both have . . . the power to modify the same judgment."

*United States v. Traylor*, Case No. 16-20437, 2020 WL 5405866, at *2 (E.D. Mich. Sept. 9, 2020) (quoting *Griggs*, 459 U.S. at 59-60); *see also United States v. Maher*, Docket no. 2:04-cr-00093-GZS, 2020 WL 3473637, at *2 (D. Me. June 25, 2020) ("This potential [for confusion] is certainly present when both this Court and the First Circuit are simultaneously asked to consider directing the BOP to take specific actions regarding the ongoing custody of an individual."). Defendant's motion—which is mainly based on arguments originally made and rejected at her sentencing—cannot be granted at this time.

But this does not mean the Court cannot deny the motion. Federal Rule of Criminal Procedure 37 "anticipates this exact jurisdictional issue." *See Vigna*, 2020 WL 1900495, at *4. Under this rule, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," it may (1) "defer considering the motion," (2) "deny the motion," or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a); *see also* Fed. R. Crim. P. 37, advisory committee's note (2012) ("[T]he Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for newly discovered evidence motions under Criminal Rule

33(b)(1) . . . reduced sentence motions under Criminal Rule 35(b), and *motions under 18 U.S.C. § 3582(c).*" (emphasis added)). Accordingly, "this rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." *Martin*, 2020 WL 1819961, at *2; *see also United States v. Green*, CR 416-059, 2020 WL 5733200, at *2 (S.D. Ga. Sept. 24, 2020) (citing *Martin*).

In the interest of judicial economy, pursuant to Rule 37, the Court shall consider the merits of Defendant's motion.

### B.     The Merits

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court must consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

As an initial matter, Defendant's request as it relates to "home confinement" is off base, as the Court cannot order the BOP to place her in any particular setting. (*See* Doc. 1249 ("The Court should therefore reduce Ms. Velazquez's term of imprisonment . . . to time served, and order her release, conditioned on completing twelve months of home confinement, followed by a five-year term of supervised release.").) The Court can order the BOP to release Defendant from its custody, but the BOP's placement while in custody is the BOP's prerogative.

In any event, Defendant's motion is, in significant part, an attempt to relitigate her sentencing hearing, which the Court incorporates by reference. (*See generally* Doc. 1237.) For example, Defendant argues the factors set forth in 18 U.S.C. § 3553(a) "weigh in favor of release." (Doc. 1249 at 17; *see also* Doc. 1259 at 7-9.) The Court extensively discussed these factors at the sentencing hearing. (Doc. 1237 at 128-132.) More importantly, while the world has no doubt changed since then, many (if not all) of the facts underlying this discussion have not. Defendant's offenses remain very serious, (*see id.* at 128-29), and demand punishment to promote respect for the law. (*See id.* at 130.) The need to deter

others from committing these offenses remains as well.  (*See id.* at 130-31.)  The Court did not find Velazquez a danger to the community and factored that into the sentence, which was much more lenient than the 121-month sentence she was given in her June 17, 2014 original sentencing.  No aspect of Defendant's criminal history has been altered by events following her sentencing.

Indeed, notwithstanding her arguments concerning COVID-19, which was not widespread in the United States in December 2019, her motion presses matters that were already addressed and decided at her sentencing hearing.  Defendant boldly asks this Court to reconsider and reverse its conclusions that were the basis for the sentence itself.  Asking the sentencing judge to change his mind on the primary sentencing considerations is not a legal basis for compassionate release, no matter how passionately the defendant argued at the sentencing or again on the motion.  This Court is of the same persuasion on those sentencing factors now as it was at the time of sentencing.

Defendant also appears to argue that she should be released because she has an infant child.  (Doc. 1249 at 6.)  But she made the same original argument in favor of a time-served sentence, which the Court rejected.  (*Compare* Doc. 1200 at 17 ("Imposing a lengthy prison sentence upon Ms. Velazquez at this juncture will carry with it the added collateral consequence of punishing her newborn child and depriving it of a loving and caring mother in its infant and toddler years.") *with* Doc. 1249 at 6 ("If she is not granted compassionate release or home confinement, Ms. Velazquez's infant will be taken from BSS in early September and placed with Ms. Velazquez's fiancée in Phoenix and her infant will no longer be able to breastfeed.  This will put her infant at risk in these first vulnerable months of life.")

But even Defendant's COVID-19 arguments fall short.  First, the Government has shown that the BOP takes the threats posed by the virus seriously and has implemented aggressive steps to curtail its spread; the Court incorporates the Government's discussion on this matter by reference.  (*See* Doc. 1256 at 3-5.)  Second, the Government persuasively demonstrates that neither Defendant's status as a new mother nor her endocrine disorder

are associated with an increased risk of contracting COVID-19.  (*See id.* at 11-13.) Ultimately, the Court:

> Do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

IT IS THEREFORE ORDERED that Defendant Guadalupe Estina Velazquez's Second Motion for Compassionate Release (Doc. 1249) is denied.

Dated this 1st day of October, 2020.

_____
Neil V. Wake
Senior United States District Judge